UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

Criminal Minutes

**FILED**

APR 17 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
  DEPUTY CLERK



| | | | | |
|---|---|---|---|---|
| Before: | Dale A. Drozd | | Deputy Clerk: | Pete Buzo |
| Case No.: | Mag. 08-0138 DAD | | Date: | April 17, 2008 |
| Asst. U.S. Atty.: | Kenneth Melikian | | ECRO: Casey Schultz | CD # 1 |
| Interpreter: | NA | | | |

UNITED STATES OF AMERICA,

    Plaintiff,

v.

William Little, Jr,

    Defendant(s).
_____/

| Appointed | Retained | Federal Defender | Name |
|---|---|---|---|
| ___ | ___ | _X_ | 1. Matthew Bockmon |
| ___ | ___ | ___ | 2. |
| ___ | ___ | ___ | 3. |
| ___ | ___ | ___ | 4. |

__ This District    _X_ The Northern District of California, Oakland    Case # CR-08-0244 DLJ

_X_ Indictment    __ Petty Offense    __ Complaint    __ Superseding    __ Probation Violation    __ Information

Defendants:    _X_ Present      _X_ In Custody      __ Not Appearing

_X_ True Name as charged      States True Name is:

_X_ Defendant Advised of Rights/Charges      __ Bail Set $

Date of Guilty Plea or Verdict:

Hearing Set:      _X_ Initial Appearance      _X_ Other Rule 5 Proceedings

Preliminary Hearing:    at

Next Appearance:    at      For:

Results of Hearing:

2:27 - 2:37
Dft present, in custody. FD appt. Dft waived full reading, waived identity, and advised rights/charges. Govt did not object to release. Court ordered dft released on a $75,000 unsecured appearance bond co-signed by dft and his wife. Dft shall comply with conditions of release as stated on the record. Dft ordered to appear on 4/24/08 at 10:00 before Magistrate Judge Wayne Brazil, US Court house in the Northern District.

__ Excludable Time ordered:      Starts: ___    Stops: ___    Total Days: ___

Code: ___

cc: Original - Court

Received at: 12:07PM, 4/17/2008

04/17/2008  11:56   9165542899                                               PAGE  02/13

04/16/2008  16:14   5106373724              US ATTORNEYS OFF...         PAGE  02/14

AO 442 (Rev. 5/93) Warrant for Arrest

# United States District Court
## Northern District of California

UNITED STATES OF AMERICA,

v.

William Joseph Little, Jr. 

## WARRANT FOR ARREST

Case Number: CR-08-0244-DLJ

To: The United States Marshal
and any Authorized United States Officer

**YOU ARE HEREBY COMMANDED** to arrest ___WILLIAM JOSEPH LITTLE, JR.___

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

(X) Indictment  ( ) Information  ( ) Complaint
( ) Order of Court  ( ) Violation Notice  ( ) Probation Violation Petition

charging him or her with   18:1349 Conspiracy to commit mail fraud and wire fraud
                           18:1343 Wire Fraud

in violation of Title ___18___ United States Code, Section(s) ___1349, 1343___

| Kelly Collins | Deputy Clerk |
|---|---|
| Name of Issuing Officer | Title of Issuing Officer |
| [signature] | 4/16/08 Oakland, CA |
| Signature of Issuing Officer | Date and Location |

Bail fixed at $ ___NO BAIL___      by  U.S. Magistrate Judge Wayne D. Brazil
                                        Name of Judicial Officer

| RETURN |||
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |||
| Date received | Name and Title of Arresting Officer | Signature of Arresting Officer |
| Date of Arrest | | |

Received at: 12:07PM, 4/17/2008

04/17/2008  11:56   9165542899
04/17/2008  11:50   5106373724          US ATTORNEYS OFFICE

PAGE  03/13
PAGE  14/14

## ATTACHMENT TO PENALTY SHEET FOR WILLIAM JOSEPH LITTLE, JR.

### COUNT ONE: 18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud and Wire Fraud

- (1) Imprisonment: 0-20 Years
- (2) Fine: $250,000
- (3) Supervised Release: 3-Year Term
- (4) Special Assessment: $100.00

### COUNT SIX: 18 U.S.C. § 1343 - Wire Fraud

- (1) Imprisonment: 0-20 Years
- (2) Fine: $250,000
- (3) Supervised Release: 3-Year Term
- (4) Special Assessment: $100.00

Received at: 12:07PM, 4/17/2008
04/17/2008  11:56   5165542899                                    PAGE  04/13
04/17/2008  11:50   5106373724          US ATTORNEYS OFFICE       PAGE  03/14

JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

FILED
2008 APR 16 PM 4: 15
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**SEALED BY ORDER OF THE COURT**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

**CR08-0244** DLJ

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. |
| Plaintiff, | Title 18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud and Wire Fraud; |
| v. | Title 18 U.S.C. § 1341 - Mail Fraud; Title 18 U.S.C. § 1343 - Wire Fraud; |
| JOSEPH LAWRENCE WILLIAMS, WILLIAM JOSEPH LITTLE, JR., and KEITH AARON VANN, | Title 18 U.S.C. § 1956(a)(1)(A)(i) - Money Laundering - Promotion; Title 18 U.S.C.§ 1957(a) -Money Laundering - Expenditure |
| Defendants. | |

**INDICTMENT**

The Grand Jury charges:

1. Introduction

At all time material to this indictment and incorporated by reference in all counts:

a. Churches and religious organizations, like many other charitable organizations, may qualify for exemption from federal income tax and are generally eligible to receive tax-deductible contributions, if they meet the following requirements, among others:

(1.) The organization must be organized and operated exclusively for religious, educational, scientific, or other charitable purpose.

(2.) Net earnings may not inure to the benefit of any private individual or

Indictment

Document No.

Received at: 12:07PM, 4/17/2008
04/17/2008  11:56  9165542899                                               PAGE  05/13
04/17/2008  11:58  5106373724            US ATTORNEYS OFFICE                PAGE  04/14

1  shareholder. Internal Revenue Code, Title 26, United States Code, § 501(c)(3).

2  (3.) Churches that meet the requirements of 501(c)(3) are automatically considered tax exempt and are not required to apply for and obtain recognition of tax-exempt status from the IRS. Attributes of a church, as developed by the IRS and court decisions, include: distinct legal existence; recognized creed and form of worship; definite and distinct ecclesiastical government; formal code of doctrine and discipline; distinct religious history; membership not associated with any other church or denomination; organization of ordained ministers; ordained ministers selected after completed prescribed courses of study; established places of worship; regular congregations; regular religious services; and Sunday schools for the religious instruction of the young.

(4.) Unlike churches, religious organizations that wish to be tax exempt generally must apply to the IRS for tax-exempt status unless their gross receipts do not normally exceed $5,000 annually.

b. Global Missions UN Limited (Global) never applied for tax exempt status with the United States Internal Revenue Service (IRS) under Section 501(c)(3) of the Internal Revenue Code.

c. Wells Fargo Bank, Dublin, California is a financial institution within the meaning of Title 31, United States Code, Section 5312(a)(2)(A).

**COUNT ONE:** 18 U.S.C. § 1349 (Conspiracy to Commit Mail Fraud and Wire Fraud)

2. Beginning at a time unknown to the Grand Jury, but no later than on or about July 19, 2002, and continuing thereafter to in or about March 2004, in the Northern District of California and elsewhere, the defendants,

JOSEPH LAWRENCE WILLIAMS,
WILLIAM JOSEPH LITTLE, JR., and
KEITH AARON VANN,

did knowingly, combine, conspire and agree to commit offenses against the United States, namely, mail fraud and wire fraud, in violations of Title 18, United States Code, §§ 1341 and 1343.

Indictment

2

## Means and Methods of the Conspiracy

3. The objects of the conspiracy were accomplished in substance as follows:

   a. The defendants established a corporation called Global Missions UN Limited (hereafter "Global") which they falsely represented to prospective donors to be a non-profit church that had provided humanitarian aid worldwide, including in Africa.

   b. The defendants falsely represented to prospective donors that:

      (1.) donations to Global were tax deductible and could be applied both to donors' taxes due and owing and to future IRS tax liabilities;

      (2.) if the IRS did not credit the donors with a tax deduction on the full amount of the donation, the defendants would return to the donors their contributions;

      (3.) donations to Global would be used solely for charitable purposes, when in fact the defendants intended to and did use the donations for their own personal benefit;

      (4.) a fictitious person they referred to as "James Preston" was legal counsel for Global and a former IRS employee knowledgeable about the tax consequences of charitable contributions; and

      (5.) they had to donate all of their father's estate to receive a tax deduction from the IRS.

   c. Following a refusal by the IRS to credit the donors with tax deductions for their contributions to Global, the defendants further falsely represented to the donors that the IRS did not recognize the donation as a tax deduction because the donors had failed to donate the whole estate.

   d. The defendants further falsely represented to the donors that the donated funds could not be returned to them because Global was a "corporate sole" and as such could only transfer proceeds from one "corporate sole" to another "corporate sole."

## Overt Acts

4. In furtherance of the conspiracy and to accomplish the objects of the conspiracy, the defendants and others committed various overt acts within the Northern District of

Indictment

3

Received at: 12:07PM, 4/17/2008
04/17/2008  11:56  9165542899                                                    PAGE 07/13
04/17/2008  11:50  5106373724           US ATTORNEYS OFFICE                      PAGE 06/14

1  California and elsewhere, including, but not limited to, the following:

2      a. On or about July 19, 2002, defendant LITTLE incorporated a business in the
3  State of Nevada called Global Missions Un Limited (Global), identifying defendant
4  WILLIAMS as the Ambassador of Global and LITTLE as defendant WILLIAMS'
5  successor.

6      b. Between in or about the end of February and in or about the beginning of
7  March 2003, defendant WILLIAMS met with siblings Joseph S. and Jean O., and others,
8  in Mesa, Arizona, and encouraged them to donate to Global all of their father's estate,
9  including commercial property in Anchorage, Alaska, (Alaska property) having an
10 equitable value greater than $3 million.

11     c. Between in or about the end of February and in or about the beginning of
12 March, 2003, defendant WILLIAMS sent by mail a package addressed to Joseph S., in
13 Mesa, Arizona, containing documents, including a donation agreement.

14     d. In or about the beginning of March 2003, following the mailing of the package
15 containing a donation agreement and other documents, defendant WILLIAMS caused
16 Joseph S. to mail a package containing the signed donation agreement from Mesa,
17 Arizona, to Auburn, California.

18     e. On or about April 23, 2003, defendant WILLIAMS sent by facsimile from
19 Second Chance Church, San Lorenzo, California, an undated letter to First American
20 Title in Alaska.

21     f. On or about April 25, 2003, defendant Williams submitted an addendum to
22 certificate authority, granting Jean O. signature authority on a Wells Fargo Bank basic
23 business checking account opened in the name of Global Missions UN Limited (hereafter
24 "account no. 5203" ) at Wells Fargo Bank, San Ramon, California.

25     g. On or about April 27, 2003, defendant WILLIAMS sent by facsimile a letter
26 dated March 5, 2003, to First American Title in Alaska, notifying the title company of the
27 donation to Global of the Alaska property by Joseph S. and Jean O.

28     h. On or about May 12, 2003, defendant WILLIAMS sent by facsimile a letter to

Indictment

4

Received at: 12:07PM, 4/17/2008
04/17/2008  11:56   5165542899                                          PAGE  08/13
04/17/2008  11:50   5106373724           US ATTORNEYS OFFICE            PAGE  07/14

1  Joseph S. identifying the IRS Employee Identification Number (EIN) of Global.

2   i. On or about May 17, 2003, defendant WILLIAMS mailed a package to Joseph
3  S. which contained an assignment of sale agreement and a warranty deed.

4   j. On or about May 19, 2003, defendant WILLIAMS caused Jean O. to wire
5  transfer $500,000 from First National Bank account in the name of Mt. Spurr Inc. to
6  Wells Fargo Bank Global account no. 5203.

7   k. On or about May 24, 2003, defendant WILLIAMS signed a warranty deed on
8  the Alaska property.

9   l. On or about May 30, 2003, defendant WILLIAMS caused the Alaska property
10 to be sold.

11  m. On or about May 30, 2003, defendant WILLIAMS opened a Wells Fargo Bank
12 basic business checking account in the name of Global Missions UN Limited (hereafter
13 "account no. 4853") at Wells Fargo Bank, Dublin, California.

14  n. On or about May 30, 2003, defendant WILLIAMS sent through the internet to
15 First American Title, Anchorage, Alaska, the bank account number to which defendant
16 WILLIAMS requested the bank wire-transfer the proceeds from the sale of the Alaska
17 property.

18  o. On or about May 30, 2003, defendant WILLIAMS caused First National Bank
19 of Alaska to wire-transfer $2,822,287.18 to Wells Fargo Bank, Anchorage, Alaska to pay
20 off the loan on the Alaska property.

21  p. On or about June 2, 2003, defendant WILLIAMS caused First National Bank of
22 Alaska to wire transfer $3,377,089.64 into the Wells Fargo Bank, Global Missions
23 Account no. 4853, Dublin, California.

24  q. From on or about June 2, 2003, to and including March 1, 2004, at various
25 times, defendant WILLIAMS withdrew funds from Wells Fargo Bank, Global Missions
26 account no. 4853, Dublin, California for his own personal benefit.

27  r. On or about June 10, 2003, defendant WILLIAMS wrote a check from Wells
28 Fargo Bank, Global Missions account no. 4853, payable to Bishop of the Faith Vision

Indictment
5

Received at: 12:07PM, 4/17/2008
04/17/2008 11:56 9165542899
04/17/2008 11:50 5106373724       US ATTORNEYS OFFICE         PAGE 09/13
                                                              PAGE 08/14

1   Noble House in the amount of $2,700,000, which was then deposited into the Wells Fargo
2   Bank Faith Vision Noble House basic business checking account (hereafter "Faith Vision
3   account") for which defendant VANN had sole signature authority.
4       s. On or about June 11, 2003, defendant VANN withdrew $300,000 from the Wells
5   Fargo Bank Faith Vision account for his own personal benefit.
6       t. From on or about June 11, 2003, and continuing to and including February 6,
7   2004, at various times, defendant VANN withdrew funds from the Wells Fargo Bank Faith
8   Vision account.
9       u. On or about June 17, 2003, in San Ramon, California, defendant VANN opened
10  a Wells Fargo Bank basic business checking account in the name of Bishop of the
11  Sovereign Knights of the Noble House (hereafter Sovereign Knights account).
12      v. On or about June 17, 2003, defendant VANN caused a transfer of
13  $2,000,000 from his Wells Fargo Bank Faith Vision checking account to his Wells Fargo
14  Bank Sovereign Knights checking account.
15      w. On or about July 1, 2003, defendant LITTLE sent to defendant WILLIAMS
16  through the internet an e-mail with a letter attached that bore the signature block for
17  "James Preston" with a copy sent to defendant VANN'S email address.
18      x. Beginning in or around July 2003, and continuing thereafter, defendant
19  WILLIAMS routinely failed to return telephone calls or voice messages left by Joseph S.
20      y. On or about July 17, 2003, defendant WILLIAMS caused to be incorporated in
21  the State of Nevada, the business entity Ambassador of Love and Faith in Christ Ministries
22  Un Limited and His Successors, a Corporation Sole.
23      z. In or about August 2003, defendant LITTLE spoke with Joseph S. over the
24  telephone concerning Joseph S.'s request that Global return the donated property.
25      aa. In or about November 2003, defendant VANN, falsely representing himself to
26  be James Preston, spoke over the telephone to Joseph S. and informed him that he
27  (VANN) would meet Joseph S. at the Oakland, California airport.
28

Indictment

Received at: 12:07PM, 4/17/2008
04/17/2008  11:56  5165542855                                              PAGE  10/13
04/17/2008  11:50  5106373724                    US ATTORNEYS OFFICE        PAGE  09/14

1    bb. On or about November 2003, defendant VANN failed to meet Joseph S. at the
2    Oakland, California airport.
3       cc. In or about January 2004, defendant LITTLE spoke over the telephone to
4    Joseph S. informing him that the donations from the sale of the property could not be
5    returned to Joseph S. because the funds had been distributed to various locations.
6       dd. In or about January 2004, defendant WILLIAMS spoke over the telephone to
7    Joseph S., threatening to sue him if Joseph S. contacted the police concerning the donated
8    proceeds.
9    All in violation of Title 18, United States Code, Section 1349.
10   **COUNT TWO:** (18 U.S.C. § 1341 - Mail Fraud)
11      5. The allegations set forth in paragraphs one, three, and four are hereby incorporated
12   by reference as though set forth herein.
13      6. On or about July 21, 2003, in the Northern District of California, and
14   elsewhere, defendant
15                         JOSEPH LAWRENCE WILLIAMS,
16   did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain
17   money and property by means of materially false and fraudulent pretenses, representations
18   and promises, well knowing at the time that the pretenses, representations, and promises
19   were false and fraudulent when made, and for the purpose of executing such scheme and
20   artifice, did mail and cause to be mailed a letter acknowledging receipt of a $6.6 million
21   donation, in violation of Title 18, United States Code, Section 1341.
22
23   **COUNTS THREE THROUGH SEVEN:** (18 U.S.C. § 1343 - Wire Fraud)
24      7. The allegations set forth in paragraphs one, three, and four are hereby
25   incorporated by reference as though set forth in each of Counts Three through Seven.
26      8. On or about the dates set forth below, in the Northern District of California
27   and elsewhere, the defendants identified below did knowingly devise and intend to devise
28   a scheme and artifice to defraud and to obtain money and property by means of materially

Indictment
                                        7

Received at: 12:07PM, 4/17/2008
04/17/2008  11:56  9165542899
04/17/2008  11:50  5106373724        US ATTORNEYS OFFICE        PAGE  11/13
                                                                PAGE  10/14

false and fraudulent pretenses, representations and promises, well knowing at the time that the pretenses, representations and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted by means of wire communications in interstate commerce, the wire transfers identified below:

| COUNT | DATE | DEFENDANT | WIRE TRANSFER |
|---|---|---|---|
| Three | 04/27/03 | WILLIAMS | Letter sent via facsimile from Second Chance Church, San Lorenzo, California to First American Title, Anchorage, Alaska |
| Four | 05/19/03 | WILLIAMS | $500,000 from First National Bank of Alaska, Mount Spur, Inc. account, Anchorage, Alaska, to Wells Fargo Bank, San Francisco, California, and deposited into account no. 5203 |
| Five | 06/02/03 | WILLIAMS | $3,377,089.64 from First National Bank of Alaska, to Wells Fargo Bank, San Francisco, account no. 4853, Dublin, California. |
| Six | 07/01/03 | LITTLE | E-mail sent from defendant LITTLE'S email account at stasv.com to defendant WILLIAMS' email account |
| Seven | 11/03 | VANN | Telephone call originating from California to Joseph S. in Arizona |

Each in violation of Title 18, United States Code, Section 1343.

**COUNT EIGHT:** (18 U.S.C. § 1956(a)(1)(A)(i) (Money Laundering - Promotion)

9. On or about June 2, 2003, within the Northern District of California, and elsewhere, defendant

Indictment

8

Received at: 12:07PM, 4/17/2008
04/17/2008  11:56  9165542899
04/17/2008  11:50  5106373724                US ATTORNEYS OFFICE                PAGE 12/13
                                                                                PAGE 11/14

JOSEPH LAWRENCE WILLIAMS,

did knowingly conduct, and aid and abet, a financial transaction affecting interstate and foreign commerce, that is, the wire transfer of $3,377,090 from a First American Title bank account at the First National Bank of Alaska, to Wells Fargo Bank account no. 4853, Dublin, California, such financial transaction involving the proceeds of the conspiracy to commit mail fraud and wire fraud, as alleged in Count One, with the intent to promote the carrying on of the conspiracy to commit mail fraud and wire fraud, and knowing that the property involved in such financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

**COUNTS NINE THROUGH ELEVEN:** (18 U.S.C. § 1957(a) (Money Laundering - Expenditure)

10. On or about the dates described below, within the Northern District of California, and elsewhere, defendant

KEITH AARON VANN,

did knowingly engage in monetary transactions in criminally derived property of a value greater than $10,000, as described in Counts Nine through Eleven below, said property being derived from a specified unlawful activity, namely, the conspiracy to commit mail and wire fraud, as alleged in Count One:

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| Nine | 06/11/03 | Deposit of a check for $2,700,000 into a Wells Fargo Bank account in Dublin, California |
| Ten | 06/11/03 | Withdrawal of $300,000 from a Wells Fargo Bank account in Dublin, California |
| Eleven | 06/17/03 | Transfer of $2,000,000 from the Wells Fargo Bank Faith Vision account to the Wells Fargo Bank Sovereign Knights account. |

Indictment

9

Received at: 12:07PM, 4/17/2008                                                                    PAGE 13/13
04/17/2008  11:56    5165542855                                      US ATTORNEYS OFFICE           PAGE 12/14
     04/17/2008  11:50    5106373724

1  | Each in violation of Title 18, United States Code, Section 1957(a).
2
3
4  | Dated: April 16, 2008                          A TRUE BILL.
5
6  |                                    Deputy   /s/ Laurie K. S____
7  |                                              FOREPERSON
   | JOSEPH P. RUSSONIELLO
8  | United States Attorney
9
10 | /s/ Stephen G. Corrigan
11 | W. DOUGLAS SPRAGUE
   | Chief, Oakland Branch
12
13
14 | (Approved as to form: /s/ ____)
   |                      AUSA CORRIGAN
15
16
17
18
19
20
21
22
23
24
25
26
27
28
   | Indictment
                                    10